United States District Court
Southern District of Texas
FILED

AUG 02 2021

Nathan Ochsner, Clerk

United States District Court
Southern District of Texas
**ENTERED**
August 03, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| HUMBERTO ROSALES CRUZ, | § | |
| | § | |
| Petitioner, | § | |
| | § | CIVIL ACTION NO. 7:20-CV-305 |
| VS. | § | |
| | § | |
| BOBBY LUMPKIN, | § | |
| | § | |
| Respondent. | § | |

## REPORT AND RECOMMENDATION

Petitioner Humberto Rosales Cruz, a state prisoner proceeding pro se, initiated this action in June 2020 by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] (Docket No. 2.) In December 2014—more than five years before Petitioner filed this action—he pleaded guilty to attempted murder and was sentenced to a term of 20 years imprisonment. In seeking federal habeas corpus relief, Petitioner raises several claims; however, his primary claim appears to be that the court committed reversible error in sentencing him to 20 years. He argues that the criminal record reflects that he committed the offense "under influence of sudden passion" which he asserts as a third-degree felony carries a maximum term of imprisonment of 10 years. Respondent has moved for summary judgment, contending (among other things) that all of the claims in the petition are time barred. (Docket No. 15.) Petitioner filed a response to the motion for summary judgment. (*See* Docket Nos. 24, 28.)

After carefully considering the pleadings in this case, the state court record, and the applicable law, the undersigned concludes that this action should be dismissed. As explained

---

[1] Petitioner filed an amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on December 8, 2020. (Docket No. 4.)

further below, Petitioner filed this federal habeas action long after the applicable one-year limitations period expired, and the circumstances here do not qualify for either statutory or equitable tolling.   Accordingly, it is recommended that Respondent's motion for summary judgment be granted and that this action be dismissed as untimely.

## I. BACKGROUND[2]

### A.   Underlying Conviction

On August 14, 2014, a grand jury in Hidalgo County, Texas, indicted Petitioner for the offense of attempted murder.  The indictment alleged that Petitioner:

> with the specific intent to commit the offense of murder of [the victim], do an act, to-wit: slashed and/or cut her person with a deadly weapon, to-wit: a box cutter, which amounted to more than mere preparation that tended but failed to effect the commission of the offense intended.

(Docket No. 16-4, at 4; *see also* Docket No. 2, at 16; Docket No. 4-2, at 2.)  Petitioner pleaded guilty to the indictment.  (Docket No. 16-4, at 3, 6, 10.)  The indictment reflects that Petitioner was charged with "attempt to commit murder"; notably, it makes no mention that the offense was committed "under the influence of passion." (*See id.* at 4.)

On December 1, 2014, judgment was entered in Petitioner's case, sentencing him to twenty (20) years imprisonment.  (Docket No. 16-4, at 10-12.)  Consistent with the indictment, the judgment in Petitioner's underlying criminal proceedings reflects that he was charged with—and pleading guilty to—"attempt to commit murder, *as charged in the indictment*, second degree felony." (*Id.* at 10-11 (emphasis added).)  Neither the indictment, nor the judgment, makes mention of that Petitioner's offense involved the "influence of sudden passion." (*Id.*)

---

[2] The facts and procedural history set out in the next two sections are taken from the State Court Record filed in this case and the documents submitted by Petitioner and Respondent. (*See* Docket Nos. 2, 4, 15, 16, 24.)

As noted, after pleading guilty to attempted murder, the court sentenced Petitioner to 20 years imprisonment. (*Id.* at 10-12.) Petitioner did not file a direct appeal of his conviction or sentence.

**B.      State Habeas Application and Federal Claims**

On December 1, 2014, almost three years after Petitioner was sentenced, he filed his state application for writ of habeas corpus. (Docket No. 16-4, at 14, 31.) In his state writ, Petitioner made clear that it was "not a challenge to the conviction"; rather, he was "seek[ing] an out-of-time appeal on a new punishment hearing." (*Id.* at 19 (Ground One).) According to Petitioner, he "entered a plea agreement for a third-degree felony, [and] the 20 years assessed exceeds the plea recommendation." (*Id.* at 32.) Petitioner also argued that his attorney "rendered ineffective assistance of counsel by failing to object to the trial courts sentencing procedure." (*Id.* at 34.) In addition, he argued that "the evidence by the state [was] not sufficient to prove serious bodily injury." (*Id.*) On May 2, 2018, the Texas Court of Criminal Appeals denied Petitioner's state habeas application "without written order."[3] (Docket No. 16-3, at 1.)

On June 9, 2020,[4] Petitioner filed the instant federal petition for habeas corpus relief pursuant to 28 U.S.C. § 2254. (Docket No. 2.) In his federal petition, Petitioner challenges his conviction and makes the following arguments and requests: 1) he requests a sentence reduction; 2) he could not have committed the offense on June 10, 2014, given the fact that he was in police

---

[3] On November 30, 2017, while his state application for writ of habeas corpus was still pending, Petitioner filed an application for writ of mandamus with the Texas Court of Criminal Appeals. (Docket No. 16-2, at 1-3.) In his writ of mandamus, Petitioner argued (in essence) that his state application for writ of habeas corpus be processed through normal channels and that he be "provided an opportunity to object or be heard fairly in a hearing." (*Id.* at 3.)

[4] This is the date that Petitioner signed his federal habeas petition, which is the earliest possible date that it could be considered filed. *See Spotville v. Cain*, 149 F.3d 374, 376 (5th Cir. 1998) ("[A] habeas corpus petition should be deemed filed when the petition is handed over to prison authorities for mailing.").

3

custody on that day; 3) there was insufficient evidence to prove that he inflicted serious bodily injury to the victim; and 4) his conviction is invalid because there is a discrepancy in the underlying criminal record because some of the records state "attempt to commit murder" and some state "under the influence of sudden passion." (*Id.* at ¶ 20.)  As noted, Petitioner filed an amended petition for writ of habeas corpus, in which he asserts only one claim; specifically, that his 20-year sentence is legally void because his criminal behavior included "sudden passion," which would cap his maximum sentence under the law at 10 years.[5]  (Docket No. 4, at ¶ 20.)

In answer to the Petition, Respondent moves for summary judgement on the ground that all of Petitioner's "claims are time barred." (Docket No. 15, at 1.)  Specifically, Respondent argues that "[t]he record conclusively establishes that [Petitioner] filed the instant federal petition outside the AEDPA's one-year limitations period," and therefore, "should be dismissed with prejudice." (*Id.* at 6.)  Respondent also asserts that Petitioner's claims are not subject to statutory or equitable tolling.  (*Id.* at 7-10.)

In addition, Respondent argues that Petitioner's claim "that there was insufficient evidence to support his conviction . . . is procedurally defaulted." (*Id.* at 10-12.)  Respondent further argues that Petitioner's claim that "he was in police custody" when the crime was committed "and that he was charged under two different theories of attempted murder" are "unexhausted and procedurally

---

[5] "An amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading." *See King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994)  Here, Petitioner's amended pleading makes no reference to his original § 2254 petition for writ of habeas corpus.  In an abundance of caution, the claims in Petitioner's original petition will be further analyzed below.

barred."[6]  (*Id.* at 13-16.)  Finally, Respondent argues that all of Petitioner's "remaining claims are without merit."[7]  (*Id.* at 16-23.)

Petitioner filed a response to the motion for summary judgment in which he reiterates that there are discrepancies between the indictment, the judgment, and the charges to which he pleaded guilty.  (Docket No. 24, at 2.)  In doing so, Petitioner again seems to imply that his conviction for attempted murder is invalid.  (*Id.* at 2-4.)  After seeking an extension of time, he also later filed a self-styled "Traverse to Response to Order to Show Cause."  (Docket No. 28.)  In his most recent pleading, Petitioner again alleges that he received an "illegal sentence"; however, his new claims assert that his attorney rendered ineffective assistance of counsel in failing to properly challenge his 20-year sentence.  (*Id.* at 9-10 (Grounds One and Two).)  In any event, the basis of Petitioner's ineffective assistance claims are the same as his previously asserted claims; specifically, that because his crime involved "sudden passion" he should not have been sentenced in excess of ten years.  (*Id.* at 9-12.)

## II.  ANALYSIS

Petitions for habeas corpus relief filed in federal court after April 24, 1996, are subject to review under the amendments to the federal habeas corpus statutes as set forth in the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  28 U.S.C. § 2254; *Lindh v. Murphy*, 521 U.S. 320, 336 (1997).  The AEDPA established a one-year period for filing habeas corpus petitions by

---

[6] Although Petitioner seems to suggest in both of these claims that he is innocent of the attempted murder charge that he pleaded guilty to, in essence, these claims are really a challenge to the validity of the indictment.  (*See* Docket No. 2, ¶ 20 (Grounds Two and Four).)

[7] These remaining claims include Petitioner's arguments that his guilty plea was involuntary, that the crime he pleaded guilty to was actually a third-degree felony, and a request for a sentence reduction.  (*See* Docket No. 2, ¶ 20 (Grounds One, Three and Four); Docket No. 4, ¶ 20 (Ground One).)

persons in custody pursuant to the judgment of a state court. 28 U.S.C. § 2244(d)(1).[8] In most

cases, the one-year period of limitation runs from the "date on which the judgment became final

by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* §

2244(d)(1)(A).

A state conviction becomes final under this statute when there is no more "availability of

direct appeal to the state courts." *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009). In a case,

such as the one at bar, where the defendant pleads guilty and does not directly appeal the judgment,

the conviction is final for federal habeas corpus purposes thirty days after sentencing. *Rodriguez

v. Thaler*, 664 F.3d 952, 954 (5th Cir. 2012); *see also Gonzalez v. Thaler*, 565 U.S. 134, 139

(2012) (noting that a conviction becomes final "when the time for seeking further direct review in

---

[8] The full text of the AEDPA limitations provision reads as follows:

**(d)(1)** A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

> **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

**(2)** The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C.A. § 2244(d).

the state court expires"). Petitioner was sentenced on December 1, 2014, and judgment was entered the same day. As such, his conviction became final on December 31, 2014.

Absent some form of tolling, the AEDPA one-year limitations period expired on December 31, 2015. Because Petitioner did not file his federal habeas petition until June 9, 2020, this action was filed over four years too late.[9] Although Petitioner does not contend that the limitations period was tolled, in light of his pro se status, the possibility of both statutory and equitable tolling will be considered.

## A.   Statutory Tolling

### 1.   Pendency of State Habeas Application

The facts of this case suggest two possible grounds for statutory tolling. First, section 2244(d)(2) provides that the one-year limitations period is tolled during the time in which "a properly filed application for State post-conviction or other collateral review . . . is pending." 28 U.S.C. § 2244(d)(2). As such, Petitioner's post-conviction application and other relevant collateral filings will be evaluated to determine if they tolled the limitations period.

Petitioner filed two relevant filings in the state collateral proceedings, which were pending during the following periods:

1)   State habeas application:      November 2, 2017, to May 2, 2018 (182 days)

2)   Writ of Mandamus:      November 30, 2017, to January 10, 2018 (42 days)

However, neither Petitioner's state habeas application, nor his writ of mandamus tolled the limitations period. Petitioner did not file those documents until 2017, which was about two years after the limitations period had run. Petitioner's state filings cannot toll the one-year limitations

---

[9] As explained previously, June 9, 2020, is the earliest date that the petition could be considered filed. *See supra* n.4.

7

period because it had already expired before those proceedings began. *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (holding that the "state habeas application did not toll the limitation period under § 2244(d)(2) because it was not filed until after the period of limitation had expired"). Because the limitations period was not tolled by these filings, Petitioner's § 2254 petition is barred by the AEDPA statute of limitations.

2.   *Discovery of New Evidence*

The second possible basis for statutory tolling is found in § 2244(d)(1)(D) provides that the AEDPA limitations period does not begin to run until "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." One of Petitioner's claims is that he "never committed a crime and that day June 10, 2014 [he] was under police custody." (Docket No. 2, at 6 (Ground Two), 11-12 ("the offense date allegedly June 10, 2014, yet I was in jail on said date").) Liberally construed, Petitioner is asserting a claim of actual innocence. (Docket No. 3, at 2.)

Section 2244(d)(1)(D) does not delay the running of the limitations period here because the factual predicate of Petitioner's claim of innocence was known by him all along. In fact, Petitioner pleaded guilty to the offense of attempted murder and, in doing so, confirmed under oath that he was guilty of the offense as charged in the indictment. Specifically, he admitted that:

> ***[O]n or about the 10th day of June A.D., 2014***, and before the presentment of the indictment, in Hidalgo County, Texas, did then and there, with the specific intent to commit the offense of murder of [the victim], do an act, to-wit: slashed and/or cut her person with a deadly weapon, to-wit: a box cutter, which amounted to more than mere preparation that tended but failed to effect the commission of the offense intended.

(Docket No. 16-4, at 4 (emphasis added); *see also* Docket No. 2, at 16; Docket No. 4-2, at 2.) The criminal judgment likewise confirms that Movant pleaded guilty to attempted murder, and that the

"date of offense" was June 10, 2014.  (Docket No. 16-4, at 10; Docket No. 2, at 15; Docket No. 4-2, at 7.)

Petitioner's actual innocence theory—if construed as such—is based on his bald assertion that he was already in custody when the offense was committed.  Put simply, there is nothing in the record to support Petitioner's claim that he could not have committed the attempted murder because he was in jail at the time.  Such conclusory claims do not provide a basis for federal habeas relief.  *United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993) ("conclusory allegations on a critical issue are insufficient to raise a constitutional issue"); *Cullen v. Pinholster*, 131 S. Ct. 1388, 1403 n.12 (2011) (the court "does not accept wholly conclusory allegations").  To be sure, the record does reflect that Petitioner was arrested on June 10, 2014, the same date of the offense.  (Docket No. 16-4, at 4, 5, 10, 13; Docket No. 2, at 14-16; Docket No 4-2, at 2, 3, 7, 13.)  However, as noted, there is nothing in the record to support Petitioner's contention that he is innocent because he was already in law enforcement custody on June 10, 2014, when the offense was committed.

Stated another way, Petitioner's suggestion that he is actually innocent is wholly unsupported and meritless.  Beyond that, there is no new evidence that provides the factual predicate for his actual innocence claim.  In sum, there is no statutory basis for tolling the AEDPA limitations period.

## B.    Equitable Tolling

Because the one-year AEDPA limitations period is not jurisdictional, there is the possibility that it may be equitably tolled.  *Holland v. Florida*, 560 U.S. 631, 649 (2010); *Manning v. Epps*, 688 F.3d 177, 183 (5th Cir. 2012).  "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing."  *Holland*, 560 U.S. at 649.  In

*Holland*, the Supreme Court stressed that "the circumstances of a case must be 'extraordinary' before equitable tolling can be applied," and that this determination is "made on a case-by-case basis." *Id.* at 650, 652. The Fifth Circuit has explained that "equitable tolling is warranted only in 'situations where the plaintiff is actively misled by the defendant ... or is prevented in some extraordinary way from asserting his rights.'" *Jones v. Stephens*, 541 F. App'x 499, 503 (5th Cir. 2013) (quoting *Cousin v. Lensing*, 310 F.3d 843, 848 (5th Cir. 2002)). The record reflects no such extraordinary circumstances present here.

To begin with, and as Respondent makes clear, Petitioner "has not alleged, let alone proven," that he is entitled to equitable tolling. (Docket No. 15, at 8-10.) However, he may contend that equitable tolling should apply in light of his spurious claim of actual innocence (based on his assertion that he was already in custody on the date of the attempted murder). If so, this argument clearly lacks merit. Petitioner has made no colorable showing that he is actually innocent. *See supra* Parts I.A. and II.A.2.

In addition, equitable tolling "is not intended for those who sleep on their rights." *Manning*, 688 F.3d at 183 (quoting *Mathis v. Thaler*, 616 F.3d 461, 474 (5th Cir. 2010)). Here, Petitioner's conviction became final on December 31, 2014. Yet he waited until November 2, 2017—almost three years—to file his first state application for writ of habeas corpus. At that point, the statute of limitations had already expired. *See Manning v. Epps*, 688 F.3d 177, 185-86 (5th Cir. 2012) (finding that the petitioner did not act diligently when he waited 19 months after he knew his conviction became final); *Scott*, 227 F.3d at 263 (holding that the "state habeas application did not toll the limitation period under § 2244(d)(2) because it was not filed until after the period of limitation had expired"). The record shows that Petitioner failed to pursue his rights diligently.

Because this case presents no extraordinary circumstances and because Petitioner did not act promptly to preserve his rights, equitable tolling does not apply.[10] As such, Petitioner's federal habeas claims are time barred and should be dismissed.[11]

### III.  CONCLUSION

For the foregoing reasons, the undersigned respectfully recommends that Respondent's Motion for Summary Judgment (Docket No. 15) be GRANTED, that Petitioner's § 2254 habeas petitions (Docket Nos. 2, 4) be DENIED, and that this action be DISMISSED.  For the reasons discussed below, it is further recommended that Petitioner be denied a certificate of appealability.

### CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability."  28 U.S.C. § 2253(c)(1)(A).  Although Petitioner has not yet filed a notice of appeal, the recently-amended § 2254 Rules instruct that the District Court "must issue or deny a certificate of appealability when

---

[10] Petitioner's ineffective assistance of counsel claims that he raises in his "Traverse to Response" do not address equitable tolling.  (*See* Docket No. 28.)  Those claims are likewise time barred.

[11] In fact, according to Respondent, even though "[a]ll of [Petitioner's] claims are time-barred, two are [also] unexhausted and procedurally barred, one is procedurally defaulted, and the remaining claims are meritless." (Docket No. 15, at 1, 10-23.)  Respondent is correct.  For example, Petitioner's claim that there was insufficient evidence "to prove serious bodily injury" (Docket No. 2, ¶ 20 (Ground Three)) is procedurally defaulted because Petitioner failed to raise this claim on direct appeal.  *See Clark v. Texas*, 788 F.2d 309, 310 (5th Cir. 1986) (holding that petitioner's claim the evidence was insufficient to support his conviction was procedurally defaulted because it was not raised on direct appeal).  In addition, Petitioner's claim that he could not have committed the attempted murder because he was in police custody on June 10, 2014, and his claim that he was prosecuted under "two forms with different charges" were not raised by in his state application for writ of habeas corpus.  (*Compare* Docket No. 2, ¶ 20 (Grounds Two and Four), *with* Docket No. 16-4, at 19-22, 32-35.)  As such, both claims are unexhausted and procedurally barred from being raised in this federal petition.  *See Picard v. Conner*, 404 U.S. 270, 275-77 (1971) (To satisfy the exhaustion requirement, the grounds raised in a federal petition must have been raised in the state court system first.).  In any event, as is shown above, all of Petitioner's claims are time barred.

it enters a final order adverse to the applicant." Rule 11, RULES GOVERNING SECTION 2254 PROCEEDINGS. Because the undersigned recommends the dismissal of Petitioner's § 2254 action, it is necessary to address whether Petitioner is entitled to a certificate of appealability (COA).

A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). To warrant a COA as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (applying *Slack* standard to a COA determination in the context of a habeas corpus proceeding). An applicant may also satisfy this standard by showing that "jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *see also Jones*, 287 F.3d at 329. As to claims that a district court rejects solely on procedural grounds, the prisoner must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

Here, Petitioner's § 2254 claims should be dismissed on procedural grounds. For the reasons explained in this report, the undersigned believes that reasonable jurists would not find debatable the conclusion that all of Petitioner's claims are barred by the AEDPA one-year limitations period. Accordingly, Petitioner is not entitled to a COA.

## NOTICE TO THE PARTIES

The Clerk shall send copies of this Report and Recommendation to Petitioner and counsel for Respondent, who have fourteen (14) days after receipt thereof to file written objections pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in this Report and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

DONE at McAllen, Texas on August 2, 2021.

Nadia S. Medrano
UNITED STATES MAGISTRATE JUDGE